**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SASHA KILAUREN, | ) | NO. CV 07-5498-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on August 24, 2007, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on September 17, 2007.

1      Plaintiff filed a motion for summary judgment on December 26,
2 2007.[1]  Defendant filed a motion for summary judgment on February 25,
3 2008.  The Court has taken both motions under submission without oral
4 argument.  <u>See</u> L.R. 7-15; "Order," filed August 31, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

       Plaintiff asserts disability since September 5, 1998, based on
various alleged exertional and non-exertional impairments
(Administrative Record ("A.R.") 72-75, 84, 661-68).  Following a
previous Court-ordered remand, the Administrative Law Judge ("ALJ")
found that Plaintiff's severe impairments precluded the performance
of Plaintiff's past relevant work but did not preclude the
performance of certain other work (A.R. 269-85).  In making these
findings, the ALJ rejected the contrary opinion of Dr. Nance, one of
Plaintiff's treating physicians (A.R. 283, 646-50).  In an attempt to
justify this rejection, the ALJ stated:

> The undersigned does not give any weight to Dr. Nance's
> assessment (Exhibit 20F) because it is not supported by
> any objective findings or clinical signs, and his
> assessment is not consistent with the objective
> findings and treatment records as discussed above (A.R.
> 283).

///

---

[1]     Plaintiff's motion violated paragraph VI of the "Order,"
filed August 31, 2007.  The Court addresses this violation in an
Order to Show Cause filed concurrently herewith.

2

1  The ALJ did not identify any specific inconsistencies between
2  Dr. Nance's assessment and "objective findings" or "treatment
3  records." Id.  In the ALJ's decision, "discussed above" the quoted,
4  indented excerpt is an approximately two-and-a-half page summary of
5  various medical records and medical opinions concerning Plaintiff's
6  physical complaints, with no specific comparison or contrast to
7  Dr. Nance's assessment (A.R. 280-83).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the
Commissioner's decision to determine if: (1) the Commissioner's
findings are supported by substantial evidence; and (2) the
Commissioner used proper legal standards.  See Swanson v. Secretary,
763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial
weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see
Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must
give sufficient weight to the subjective aspects of a doctor's
opinion . . . This is especially true when the opinion is that of a
treating physician") (citation omitted).  Even where the treating

physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr.

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

4

1  Hoeflich's opinions in order to evaluate them, he had a duty to
2  conduct an appropriate inquiry, for example, by subpoenaing the
3  physicians or submitting further questions to them.  He could also
4  have continued the hearing to augment the record") (citations
5  omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
6  1983) ("the ALJ has a special duty to fully and fairly develop the
7  record and to assure that the claimant's interests are considered").

9       In the present case, the ALJ erred by rejecting Dr. Nance's
10 opinion without stating sufficiently specific reasons therefor and
11 without attempting to re-contact Dr. Nance.  See id.  To say that a
12 medical opinion is "not supported by any objective findings or
13 clinical signs" and "not consistent with the objective findings and
14 treatment records . . ." does not achieve the level of specificity
15 the Ninth Circuit has required.  See, e.g., Embrey v. Bowen, 849 F.2d
16 at 421.  Moreover, as previously discussed, authorities such as
17 Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) and section
18 404.1512(e) of 20 C.F.R. suggest that, under the circumstances of the
19 present case, further inquiry of the treating physician should
20 precede a final determination of whether the treating physician's
21 opinion is not adequately supported.

23      Defendant's motion argues there exist reasons, unspecified by
24 the ALJ, that could justify the rejection of Dr. Nance's opinion.
25 The Ninth Circuit has ruled that such arguments, however potentially
26 persuasive, are not cognizable by the Court.  See Connett v.
27 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot
28 affirm on the basis of evidence the ALJ failed to discuss); Pinto v.

1  Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm
2  the decision of an agency on a ground that the agency did not invoke
3  in making its decision").

5      When a court reverses an administrative determination, "the
6  proper course, except in rare circumstances, is to remand to the
7  agency for additional investigation or explanation."  INS v. Ventura,
8  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
9  proper where, as here, additional administrative proceedings could
10 remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
11 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
12 1496, 1497 (9th Cir. 1984).  The Court recognizes that the
13 Administration has committed errors *seriatim*, thereby protracting
14 these proceedings.  The errors have been errors of law, however, and
15 Plaintiff's alleged inability to work remains an open issue of fact.

17     The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172
18 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not
19 compel a reversal rather than a remand of the present case.  In
20 Harman, the Ninth Circuit stated that improperly rejected medical
21 opinion evidence should be credited and an immediate award of
22 benefits directed where "(1) the ALJ has failed to provide legally
23 sufficient reasons for rejecting such evidence, (2) there are no
24 outstanding issues that must be resolved before a determination of
25 disability can be made, and (3) it is clear from the record that the
26 ALJ would be required to find the claimant disabled were such
27 evidence credited."  Harman at 1178 (citations and quotations
28 omitted).  Assuming, arguendo, the Harman holding survives the

1  Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3]
2  the Harman holding does not direct reversal of the present case.
3  Here, the Administration must re-contact the treating physician
4  concerning "outstanding issues that must be resolved before a
5  determination of disability can be made."  Further, it is not clear
6  from the record that the ALJ would be required to find Plaintiff
7  disabled for the entire claimed period of disability were the opinion
8  of the treating physician credited.

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:    February 28, 2008.

_____/S/_____
                CHARLES F. EICK
         UNITED STATES MAGISTRATE JUDGE

---

[3] The Ninth Circuit has continued to apply Harman despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

7